WEBB, JUDGE:
Claimants, Roscoe Prater and Cassandra Prater, seek an award from the Division of Highways for personal injury and property loss sustained in a motor vehicle accident which took place at 3:00 p.m. on March 24,1990 on Route 49 near Williamson in Mingo County.
From the evidence adduced at the hearing on April 20,1993, it appears that Cassandra Prater was driving her vehicle, a 1986 Pontiac 6000, south on Route 49, coming from the town of Williamson. Her two daughters, ages 13 and 11, were passengers in the vehicle. They were traveling to their home in Stopover, Kentucky. Route 49 was in a state of disrepair, making it impossible for Mrs. Prater to drive her vehicle through the area without going into some of the holes in the road. While driving, Mrs. Prater was trying to avoid hitting the holes; however, due to oncoming traffic, her vehicle went into one of the holes and proceeded to go over an embankment landing on its top. The vehicle fell over the embankment approximately 25 to 30 feet, causing injuries to her and both of her two daughters. Mrs. Prater had not traveled on Route 49 for over a year prior to this incident and she was not familiar with the defective condition of the road.
Cassandra Prater testified that she suffered a lacerated eyelid; a fractured forehead; bruises on her brain; and a dead nerve from her left arm, up her neck and into her head. Her daughter, Andrea, suffered a broken clavicle bone and her other daughter Tabitha, suffered a broken arm. Mrs. Prater further stated that she suffers form permanent injury to her left arm, and it is painful for her to pick up objects with her fingers. She also suffers from migraine headaches. The medical evidence offers no corroboration for Mrs. Prater’s claim of a fractured forehead.
As a result of the accident, the claimants have unpaid medical bills in the sum of $5,047.12. The medical bills for the children were paid through an insurance policy. Mr. Prater was required to' transport his wife to therapy sessions, for which he sustained a loss of income of $192.00 for two shifts of work which he missed. The claimants also incurred travel expenses of $710.00 for medical treatment. Their vehicle was valued at $5,600.00, and was considered a total loss.
The respondent admits that the road was in a state of disrepair, but blames the deteriorated condition on the fact that the road is used by coal companies and that the coal trucks are responsible for the deterioration of the road. There is evidence that the coal companies help finance the maintenance of the road.
The evidentiary deposition of Shirley Maride Cline was offered by the respondent, and was admitted into evidence by the respondent. Ms. Cline was driving the northbound vehicle which was approaching the Prater vehicle at the time of the accident. Ms. Cline testified that she saw Mrs. Prater trying to drive around the holes very slowly and she stopped in her lane of traffic so that Mrs. Prater could drive around the holes, but the Prater vehicle appeared to accelerate and then went over the hill. However, Mrs. Prater testified that she veered to the left to avoid the holes in the road and she did not see Ms. Cline’s vehicle stop. She was under the impression that the vehicle was still coming toward her when she moved back into her lane of traffic to avoid an *47 accident, and as she did, her vehicle bounced out of a hole and proceeded over the hill. Both Ms. Cline and Mrs. Prater stated that the chain of events occurred very quickly.
After reviewing the record in this claim, this Court has determined that the claimants have established negligence on the part of the respondent by a preponderance of the evidence. The respondent was aware of the defective condition of the road and failed to keep the road properly maintained. As a result of this negligence, the claimant, Cassandra Prater, lost control of her vehicle when it struck a large hole in the pavement and the vehicle over the embankment adjacent to Route 49. The proximate cause of the accident was the defective condition of Route 49.
This Court is of the opinion to make an award in the amount of $11,549.12 to claimants for their property loss, medical expenses, travel expenses, and work loss. This Court is also of the opinion that Mrs. Prater suffered a permanent injury as a result of the accident, for which she has had and will continue to have pain and suffering in the future. This Court makes an additional award in the amount of $16,750.00 to Mrs. Prater.
Award of $11,549.12 to Roscoe and Cassandra Prater.
Award of $16,750.00 to Cassandra Prater.